# Supreme Court of Florida

————

No. SC2023-1472

————

## IN RE: AMENDMENTS TO FLORIDA FAMILY LAW RULES OF PROCEDURE.

June 27, 2024

PER CURIAM.

The Florida Bar's Family Law Rules Committee (Committee) has filed a report proposing amendments to Florida Family Law Rules of Procedure 12.400 (Confidentiality of Records and Proceedings), 12.470 (Exceptions), 12.490 (General Magistrates), 12.491 (Child Support Enforcement), and 12.740 (Family Mediation).[1] The Florida Bar's Board of Governors unanimously recommends acceptance of the proposed rule amendments.

The Committee published its proposal for comment and received one comment. After the proposed amendments were filed, we published the proposal for comment, and one comment was

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

received.  The Committee responded, agreeing with the comment.

Having reviewed the Committee's proposal, the comment, and the

response, we adopt the amendments as proposed with minor

modifications as suggested in the comment filed.  We discuss the

more significant amendments below.

First, we amend rule 12.400(d) (Conditional Sealing of

Financial Information) by deleting the reference to subdivision "(d)"

of Florida Rule of General Practice and Judicial Administration

2.420.

Next, we amend rule 12.470 by deleting an outdated reference

to this Court's website.  We replace it with directions to find the

Florida Standard Jury Instructions on The Florida Bar's website.

Also, we amend rules 12.490 and 12.491 by changing the

deadline to file a motion to vacate from 10 to 15 days.  We also

clarify, in both rules, that "a motion to vacate operates as a motion

for rehearing under rule 12.530."

Last, we amend rule 12.740 by expanding the limitations on

referral to mediation.  We amend the rule to include that a party

must advise the court if there is a domestic violence injunction or a

conviction of a crime of domestic violence between the parties, or if

there has been a history of violence between the parties that would compromise the mediation process. In those cases, the court may waive mediation entirely or enter appropriate orders to protect the mediation process and the parties' safety. Additionally, we amend the rule to include that Title IV-D actions, post-judgment contempt and enforcement, and extensions or modifications of injunctions may not be referred to mediation absent a finding of good cause by the court or consent of the parties.

Accordingly, the Florida Family Law Rules of Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments will take effect on July 1, 2024, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Family Law Rules of Procedure

Honorable Howard Ogle McGillin, Jr., Chair, Family Law Rules Committee, St. Augustine, Florida, and Joshua E. Doyle, Executive

Director, and Kelly Noel Smith, Bar Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

Sarah E. Kay, Chair, Family Law Section, The Florida Bar, Tampa, Florida, Temi N. Zeitenberg, Co-Chair, Rules and Forms Committee, Family Law Section, The Florida Bar, Boca Raton, Florida, and Marck K. Joseph, Jr., Co-Chair, Rules and Forms Committee, Family Law Section, The Florida Bar, Miami, Florida,

    Responding with comments

# APPENDIX

## RULE 12.400.  CONFIDENTIALITY OF RECORDS AND PROCEEDINGS

**(a) – (c)** [No Change]

**(d)**     **Conditional Sealing of Financial Information.**

(1)    [No Change]

(2)    Notice of conditional sealing ~~shall be~~is as required by Florida Rule of General Practice and Judicial Administration 2.420~~(d)~~.

(3)    [No Change]

### Commentary

[No Change]

## RULE 12.470.  EXCEPTIONS

**(a)**     **Adverse Ruling.** For appellate purposes, ~~no~~an exception ~~shall be~~is not necessary to any adverse ruling, order, instruction, or thing whatsoever said or done at the trial, ~~or~~ prior to the trial, or after the verdict, ~~which~~that was said or done after an objection was made and considered by the trial court and ~~which~~that affected the substantial rights of the complaining party ~~complaining~~ and ~~which~~that is assigned as error, other than as provided by rules 12.490 and 12.492.

**(b)**     **Instructions to Jury.** The Florida Standard Jury Instructions appearing on ~~the court's~~The Florida Bar's website ~~at www.floridasupremecourt.org/jury_instructions.shtml~~ must be used by the trial judges of this state in instructing the jury in civil actions to the extent that the Standard Jury Instructions are applicable, unless the trial judge determines that an applicable Standard Jury Instruction is erroneous or inadequate. If the trial

judge modifies a Standard Jury Instruction or gives ~~such~~ other instruction as the judge determines necessary to accurately and sufficiently instruct the jury, on timely objection to the instruction, the trial judge must state on the record or in a separate order the legal basis for varying from the Standard Jury Instruction. Similarly, in all circumstances in which the notes accompanying the Florida Standard Jury Instructions contain a recommendation that a certain type of instruction not be given, the trial judge must follow the recommendation unless the judge determines that the giving of ~~such an~~<u>the</u> instruction is necessary to accurately and sufficiently instruct the jury, in which event the judge must give ~~such~~<u>the</u> instruction as the judge deems appropriate and necessary. If the trial judge does not follow ~~such~~ a recommendation of the Florida Standard Jury Instructions, on timely objection to the instruction, the trial judge must state on the record or in a separate order the legal basis of the determination ~~that such instruction is necessary~~. ~~Not later than at the close of the evidence, the~~<u>The</u> parties may file written requests <u>on the law</u> that the court instruct the jury ~~on the law set forth in such requests~~<u>no later than at the close of the evidence</u>. The court may then require counsel to appear before it to settle the instructions to be given. At ~~such~~<u>that</u> conference, all objections must be made and ruled on and the court must inform counsel of ~~such~~<u>the</u> instructions ~~as~~ the court will give. No party may assign as error the giving of any instruction <u>or the failure to give any instruction</u> unless that party objects ~~thereto~~ at ~~such time~~<u>the conference</u>~~, or the failure to give any instruction unless that party requested the same~~. The court ~~shall~~<u>may</u> orally instruct the jury before or after the arguments of counsel and ~~may~~ provide appropriate instructions during the trial. If the instructions are given before final argument, the presiding judge must give the jury final procedural instructions after final arguments are concluded and before deliberations. The court must provide each juror with a written set of the instructions for ~~his or her~~ use in deliberations. The court must file a copy of ~~such~~<u>the</u> instructions.

   **(c)**      **Orders on New Trial; Directed Verdicts; etc.** It ~~shall~~<u>is</u> not ~~be~~ necessary to object or except to any order granting or denying motions for new trials, directed verdicts, or judgments notwithstanding the verdict or in arrest of judgment to entitle the

party against whom ~~such~~the ruling is made to have ~~the same~~it reviewed by an appellate court.

## Commentary

[No Change]

## RULE 12.490.  GENERAL MAGISTRATES

**(a)**     [No Change]

**(b)**     **Referral.**

(1)    No matter ~~shall~~can be heard by a general magistrate without an appropriate order of referral and the consent to the referral of all parties. Consent, as defined in this rule, to a specific referral, once given, cannot be withdrawn without good cause shown before the hearing on the merits of the matter referred. Consent may be express or may be implied in accordance with the requirements of this rule.

(A) – (D) [No Change]

(2) – (4) [No Change]

**(c) – (d)** [No Change]

**(e)**     **Entry of Order and Relief from Order.**

(1) – (2) [No Change]

(3)    ~~Upon~~On receipt of a recommended order, the court must review the recommended order and must enter the order promptly unless the court finds that the recommended order is facially or legally deficient, in which case, it must identify the deficiency by written order and remand to the general magistrate to address and, if necessary, conduct further proceedings without the necessity of a new order of referral to general magistrate. Any party affected by the ~~recommended~~ order may move to vacate the

recommended order by filing a motion to vacate within ~~10~~15 days from the date of entry. Any party may file a cross-motion to vacate within 5 days of service of a motion to vacate, provided, however, that the filing of a cross-motion to vacate ~~shall~~will not delay the hearing on the motion to vacate unless good cause is shown.

(4) A motion to vacate the order must be heard within 30 days from the date the motion is filed, unless the time frame is extended by court order. If applicable, a motion to vacate operates as a motion for rehearing under rule 12.530. Thereafter, the judge must enter an order rendering a ruling no later than 30 days after the hearing on the motion to vacate.

(5) The party seeking review ~~shall~~must seek to schedule a hearing date at the same time that the motion to vacate is filed with the court. Failure to seek a hearing date ~~in conformity herewith~~ may result in a denial of the motion to vacate.

(6) A timely filed motion to vacate stays the enforcement of the ~~recommended~~ order rendered by the court until after the court has conducted a hearing on the motion to vacate and renders an order granting or denying the motion to vacate.

**(f)** [No Change]

### Commentary

[No Change]

### Committee Notes

[No Change]

## RULE 12.491. CHILD SUPPORT ENFORCEMENT

**(a)** **Limited Application.** This rule ~~shall be~~is effective only when specifically invoked by administrative order of the chief justice for use in a particular county or circuit.

**(b)     Scope.** This rule ~~shall apply to~~applies when a party seeking support is receiving services pursuant to Title IV-D of the Social Security Act (42 U.S.C. §§ 651 et seq.) or on administrative order of the chief justice when a party is not receiving Title IV-D services in proceedings for:

(1)     the establishment, enforcement, or modification of child support~~, or~~; and

(2) the enforcement of any support order for the parent or other person entitled to receive child support in conjunction with an ongoing child support or child support arrearage order~~,~~

~~when a party seeking support is receiving services pursuant to Title IV-D of the Social Security Act (42 U.S.C. §§ 651 et seq.) and to non-Title IV-D proceedings upon administrative order of the chief justice~~.

**(c)     Support Enforcement Hearing Officers.** The chief judge of each judicial circuit ~~shall~~must appoint ~~such number of~~ support enforcement hearing officers for the circuit or any county within the circuit as ~~are~~ necessary to expeditiously perform the duties prescribed by this rule. A hearing officer ~~shall~~must be a member of The Florida Bar unless waived by the chief justice and ~~shall~~ serve~~s~~ at the pleasure of the chief judge and a majority of the circuit judges in the circuit.

**(d)     Assignment.** ~~Upon~~On the filing of a cause of action or other proceeding for the establishment, enforcement, or modification of support to which this rule applies, the court or clerk of the circuit court ~~shall~~must assign ~~such~~the proceedings to a support enforcement hearing officer, pursuant to procedures to be established by administrative order of the chief judge.

**(e)     General Powers and Duties.** The support enforcement hearing officer shall be empowered to issue process, administer oaths, require the production of documents, and conduct hearings for the purpose of taking evidence. A support enforcement hearing officer does not have the authority to hear contested paternity

cases. All grounds for disqualification of a judge apply to support enforcement hearing officers. ~~Upon~~On the receipt of a support proceeding, the support enforcement hearing officer ~~shall~~must:

(1) designate a time and place for an appropriate hearing and give notice to each of the parties as may be required by law;

(A) The notice or order setting the cause for hearing must contain the following language in **bold** type:

**SHOULD YOU WISH TO SEEK REVIEW OF THE ORDER UPON THE RECOMMENDATIONS OF THE CHILD SUPPORT ENFORCEMENT HEARING OFFICER, YOU MUST FILE A MOTION TO VACATE WITHIN ~~10~~15 DAYS FROM THE DATE OF ENTRY OF THE ORDER IN ACCORDANCE WITH FLORIDA FAMILY LAW RULE OF PROCEDURE 12.491(f). YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR POSITION OR YOUR MOTION WILL BE DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED FOR THE COURT'S REVIEW.**

(B) [No Change]

(2) – (3) [No Change]

(4) evaluate the evidence and promptly make a recommended order to the court. ~~Such~~The order ~~shall~~must set forth findings of fact.

**(f) Entry of Order and Relief from Order.** ~~Upon~~On receipt of a recommended order, the court ~~shall~~must review the recommended order and ~~shall~~ enter an order promptly unless good cause appears to amend the order, conduct further proceedings, or reassign the matter back to the hearing officer to conduct further proceedings. If a court reporter was present, the recommended order ~~shall~~must contain the name ~~and address~~, telephone number,

and e-mail address of the reporter. If the hearing was recorded and the litigant did not utilize a court reporter, the order ~~shall~~must contain information as to how a litigant can obtain a copy of the recording. Any party affected by the order may move to vacate the order by filing a motion to vacate within ~~10~~15 days from the date of entry. Any party may file a cross-motion to vacate within 5 days of service of a motion to vacate, provided, however, that the filing of a cross-motion to vacate ~~shall~~must not delay the hearing on the motion to vacate unless good cause is shown. If applicable, a motion to vacate operates as a motion for rehearing under rule 12.530. A motion to vacate the order ~~shall~~must be heard within 10 days after the movant applies for hearing on the motion.

**(g)** [No Change]

**(h)** **Record.** For the purpose of hearing on a motion to vacate, a record, substantially in conformity with this rule, ~~shall~~must be provided to the court by the party seeking review.

(1) The record ~~shall~~ consist~~s~~ of the court file, including the transcript of the proceedings before the hearing officer, if filed, and all depositions and evidence presented to the hearing officer.

(2) The transcript of all relevant proceedings ~~shall~~must be delivered to the judge and provided to opposing counsel not less than 48 hours before the hearing on the motion to vacate. If less than a full transcript of the proceedings taken before the hearing officer is ordered prepared by the moving party, that party shall promptly file a notice setting forth the portions of the transcript that have been ordered. The responding party ~~shall~~must be permitted to designate any additional portions of the transcript necessary to the adjudication of the issues raised in the motion to vacate or cross-motion to vacate.

(3) The cost of the original and all copies of the transcript of the proceedings ~~shall~~must be borne initially by the party seeking review, subject to appropriate assessment of suit monies. Should any portion of the transcript be required as a result

of a designation filed by the responding party, the party making the designation ~~shall~~<u>must</u> bear the initial cost of the additional transcript.

**Commentary**

[No Change]

**Committee Note**

[No Change]

## RULE 12.740. FAMILY MEDIATION

**(a)**  [No Change]

**(b)**  **Referral.** Except as provided by law and this rule, all contested family matters and issues may be referred to mediation. Every effort must be made to expedite mediation of family issues. ~~Such~~<u>The</u> referral, or written stipulation of the parties, may provide for mediation or arbitration in person, remotely via audio or audio-video communication technology, or a combination thereof. Absent direction in the order of referral, mediation or arbitration must be conducted in person, unless the parties stipulate or the court, on its own motion or on motion by a party, otherwise orders that the proceeding be conducted by communication technology or by a combination of communication technology and in-person participation.

**(c)**  **Limitation<u>s</u> on Referral to Mediation.**

<u>(1)    Parties must advise the court if there is an injunction for domestic violence or a conviction of a crime of domestic violence between the parties, or if the court finds there has been a history of violence between the parties that would compromise the mediation process. In those cases, the court may in its discretion, waive mediation entirely or enter appropriate orders to protect the mediation process and the parties' safety.</u>

(2)  The following actions may not be referred to mediation absent a finding of good cause by the court or consent of the parties:

(A)  Title IV-D;

(B)  post-judgment contempt and enforcement; and

(C)  extensions or modifications of injunctions between the parties.

(3)  Unless otherwise agreed by the parties, family matters and issues may be referred to a mediator or mediation program which charges a fee only after the court has determined that the parties have the financial ability to pay ~~such~~ a fee. This determination may be based ~~upon~~ the parties' financial affidavits or other financial information available to the court. When the mediator's fee is not established under section 44.108, Florida Statutes, or when there is no written agreement providing for the mediator's compensation, the mediator ~~shall~~must be compensated at an hourly rate set by the presiding judge in the referral order. The presiding judge may also determine the reasonableness of the fees charged by the mediator. When appropriate, the court ~~shall~~may apportion mediation fees between the parties and ~~shall~~ state each party's share in the order of referral. Parties may object to the rate of the mediator's compensation within 15 days of the order of referral by serving an objection on all other parties and the mediator.

**(d)**  [No Change]

**(e)  Completion of Mediation.** Mediation ~~shall~~must be completed within 75 days of the first mediation conference unless otherwise ordered by the court.

**(f)  Report on Mediation.**

- 13 -

(1)    If agreement is reached as to any matter or issue, including legal or factual issues to be determined by the court, the agreement ~~shall~~must be reduced to writing, signed by the parties, and submitted to the court unless the parties agree otherwise. By stipulation of the parties, the agreement may be electronically or stenographically recorded and made under oath or affirmed. In ~~such~~that event, an appropriately signed transcript may be filed with the court. Signatures may be original, electronic, or facsimile, and may be in counterparts.

(2)    After the agreement is filed, the court ~~shall~~must take action as required by law. When court approval is not necessary, the agreement ~~shall~~ becomes binding ~~upon~~on filing. When court approval is necessary, the agreement ~~shall~~ becomes binding ~~upon~~on approval. In either event, the agreement ~~shall~~must be made part of the final judgment or order in the case.

(3)    If the parties do not reach an agreement as to any matter as a result of mediation, the mediator ~~shall~~must report the lack of an agreement to the court without comment or recommendation. With the consent of the parties, the mediator's report may also identify any pending motions or outstanding legal issues, discovery process, or other action by any party which, if resolved or completed, would facilitate the possibility of a settlement.

## Commentary

[No Change]